IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| DARRELL BOOKER,<br>Institutional ID No. 2143709,<br>SID No. 3432284,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES MCDUFFIE, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:18-CV-208-BQ |

## REPORT AND RECOMMENDATION

Before the Court is a document filed July 18, 2019, by pro se Plaintiff Darrell Booker in which he asks the Court to issue a temporary restraining order (TRO).[1] ECF No. 43. After considering Booker's motion and applicable law, the Court recommends that the motion be **DENIED** without prejudice to Booker's right to request injunctive relief in the future should circumstances change.

### I.   Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison

---

[1] In the same motion, Booker also sought leave to amend his Complaint. ECF No. 43. Of even date herewith, the undersigned denied Booker's request via a separate order.

administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing cases for support) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a TRO, a movant must satisfy the substantive requirements for a preliminary injunction:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## II.    Analysis

Initially, the Court observes that Booker has not provided notice of his TRO request to the opposing party. *See* Pl.'s Mot. 6, ECF No. 43. Under Fed. R. Civ. P. 65(b)(1), the Court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Booker has not satisfied these two requirements. For this reason alone, his motion

should be denied. *See, e.g., Lindsey v. Dall. Cty. Jail Sheriff's Dep't*, No. 3:18-CV-1588-M-BH, 2018 WL 3654775, at *1 (N.D. Tex. July 6, 2018) (recommending denial of plaintiff's TRO because he had not satisfied the elements of Rule 65(b)).

More importantly, Booker improperly attempts to obtain a TRO based on claims wholly unrelated to his original Complaint. "Although the Fifth Circuit Court of Appeals has not specifically addressed this issue, district courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, Civil Action No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019) (citing *Gill v. Neaves*, 657 F. Supp. 1394, 1399 (W.D. Tex. 1987)). Where a plaintiff's "motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion." *Infinite Fin. Sols., Inc. v. Strukmyer, LLC*, Civil Action No. 3:14-CV-354-N, 2014 WL 12586282, at *9 (N.D. Tex. July 29, 2014) (quoting *Adair v. England*, 193 F. Supp. 2d 196, 200 (D. D.C. 2002)); *see also State v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) (explaining that "injunctive relief must relate in some fashion to the relief requested in the complaint").

Here, Booker asserts that officers at the Texas Department of Criminal Justice (TDCJ) Nathaniel J. Neal Unit (Neal Unit) in Amarillo, Texas, have denied him showers prior to attending Jumah and Eid ul Fitr—a practice required by his religion. *See* Pl.'s Mot. 1–5, ECF No. 43 (describing four instances in November 2018 as well as January, May, and June 2019, in which officers denied Booker the opportunity to shower prior to attending Jumah and Eid ul Fitr as required by his Islamic faith). In his original Complaint, which is the live pleading before the Court, Booker asserts claims against Defendant Charles McDuffie, Warden of the TDCJ Formby and Wheeler Units. Compl. 3, ECF No. 1; ECF No. 39 (directing Warden McDuffie to answer or

3

otherwise plead to certain claims). Thus, the relief Booker seeks in the instant motion has no relation to the claims raised in his Complaint,[2] and the Court has no jurisdiction over such a claim. *See Bucklew*, 2019 WL 2251109, at *3 (recommending denial of plaintiff's request for a preliminary injunction where plaintiff's request for injunctive relief was unrelated to the claims in her underlying lawsuit); *Infinite Fin. Sols.*, 2014 WL 12586282, at *9 (same).

Although Booker attempts to amend or supplement his Complaint to add new claims against new defendants through the instant motion, perhaps in an attempt to relate his TRO request to the Complaint, the Court has denied that request through an order entered of even date herewith. As more fully explained in the Order, Booker cannot escape the requirements and purpose of 28 U.S.C. §§ 1915 and 1915A by simply "amending" his complaint to add unrelated claims against new defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In any event, such claims would not be properly before this Court. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 124(a)(5) (The Neal Unit is located in Potter County, Texas, which is within the Amarillo Division of the Northern District of Texas.).

In sum, because jurisdiction is lacking and Booker has not satisfied the requirements under Rule 65(b) to obtain a TRO, the court finds that Booker's motion for a TRO should be denied.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court deny without prejudice Booker's request for injunctive relief. ECF No. 43.

---

[2] The relief Booker seeks through the TRO is unclear. Booker dedicates the majority of his motion to transcribing grievances he has filed with TDCJ and then concludes with, "The Plaintiff prays that the Court grant a TRO." Pl.'s Mot. 5.

4

## IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 22, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE